UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONNIE S. COOPER,

        Petitioner

v.                               Case number 5:04-cv-74-Oc-10GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.
_____

## ORDER DENYING PETITION

Petitioner, *pro se,* initiated this action pursuant to a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 on February 19, 2004. (Doc. 1). Petitioner challenges his 2002 conviction of robbery with a weapon from the Circuit Court in and for Marion County, Florida. The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

## Conviction and Sentence

The procedural history of the case is summarized in the Response (Doc. 10), and Petitioner has not disputed the accuracy of that summary. On September 7, 2001, Petitioner was charged by information with robbery with a firearm and possession of a firearm by a convicted felon in Marion County Circuit court case no.

01-3216-CF.[1]  In a jury trial April 8-10, 2002,  Petitioner was found guilty of the lesser included offense of robbery with a weapon.[2]  On April 18, 2002, the state trial court sentenced Petitioner to twelve years imprisonment.[3]  Petitioner appealed his conviction and sentence.[4]  On December 17, 2002,  the Fifth District Court of Appeal affirmed *per curiam*.  Cooper v. State, 835 So. 2d 1147 (Fla. 5th DCA 2002). Mandate issued on January 6, 2003.[5]

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state trial court denied Petitioner's motion on June 13, 2003.[6]  Petitioner appealed, and on October 7, 2003 the Fifth District Court of Appeal affirmed *per curiam*.  Cooper v. State, 857 So. 2d 893 (Fla. 5th DCA 2003). Mandate issued on October 24, 2003.[7]

Next Petitioner filed a Rule 3.80 Motion to Correct Sentence, which was denied on April 21, 2004.[8]  Petitioner appealed, and on June 1, 2004, the Fifth

---

[1] Doc. 11, App. I.

[2] Docs.11-12, App. II-III.

[3] Doc. 12, App. IV-V.

[4] On appeal, Petitioner presented one argument, "whether the trial court erred by denying the appellant's motion to set aside the verdict of robbery with a weapon, where there was no evidence adduced at trial which would show that the defendant was in possession of an object during the robbery which had the capability to injury anyone."  Doc. 12, App. VI.

[5] Doc. 12, App. VII-XI.

[6] Doc. 12, App. XII-XV.

[7] Doc. 12, App. XVI.

[8] Doc. 12, App. XVII-XVIII.

District Court of Appeal affirmed *per curiam*. <u>Cooper v. State</u>, 877 So. 2d 752 (Fla. 5th DCA 2004).  Petitioner filed the instant habeas Petition on February 19, 2004 (Doc. 1), with memorandum in support (Doc. 2),  in which he raises the following grounds for relief:

1.   Petitioner claims counsel was ineffective for failing to object to pre-trial identification.

2.   Petitioner claims counsel was ineffective for failing to object to improper prosecutorial closing arguments.

3.   Petitioner claims counsel was  ineffective in failing to object to impermissible hearsay.

4.   Petitioner claims counsel was  ineffective in failing to assert the defense of voluntary intoxication.

5.   Petitioner claims counsel was ineffective in failing to request a competency hearing.

6.   Petitioner claims judicial error in that the trial court should have made inquiry into Petitioner's suggestion that his trial counsel was ineffective.

7.   Petitioner claims judicial error in that the trial court should have made inquiry into Petitioner's request to be allowed to represent himself at trial.

## **Timeliness of Petition**

Respondents concede that the Petition was timely filed within the one-year

limitation period under 28 U.S.C. § 2244(d)(1).[9]

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[10]

This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[11]  Petitioners' *pro se* status does not alone amount to good cause.[12]

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[13]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary

---

[9] Respondents' Response to Petition (Doc. 10) at pg. 4.

[10] Upshaw v. Singletary, 70 F.3d 576, 578-79 (11th Cir. 1995) (citations omitted).

[11] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) *cert. denied*, 513 U.S. 1061 (1994) (*citing* Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

[12] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.).

[13] See Williams v. Taylor, 529 U.S. 362, 403-04 (2000).

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1).  Moreover, each clause ("contrary to" and "unreasonable application") provides a separate basis for review.[14]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[15]  The AEDPA also directs that the factual findings of the state court are afforded a presumption  of correctness  that can only be  rebutted  by clear  and convincing evidence.  See § 2254(e)(1).   This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[16]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[17]

---

[14] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[15] See also Van Poyck v. Florida Dept. of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[16] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[17] Wright v. Sec'y for the Dept. of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002).

## Merits of Claims

### Claims One-Five

Petitioner's first five claims all relate to ineffective assistance of counsel. Petitioner raised these five grounds in his motion for post-conviction relief and the claims were adjudicated on the merits.   In denying Petitioner's motion, the state court found that Petitioner failed to demonstrate prejudice with respect to Petitioner's first three claims.[18]   The state court found:

> At trial, the witnesses testified the robber wore distinctive clothing, had distinctive tattoos and walked with a limp.  In court, several of the witnesses identified the Defendant as the robber.  One bank witness, who had a relative with a prosthetic limb, testified the robber's gait was similar to someone with a prosthesis.   The bank's surveillance camera captured the Defendant's distinctive clothing and tattoos. Other witnesses who knew the Defendant and saw the surveillance picture in the newspaper, confirmed the Defendant was an aputee, that the Defendant had tattoos consistent with the robber's and that it was common for the Defendant to wear the distinctive clothing pictured in the surveillance film (a black leather vest without a shirt).   Given the evidence against the Defendant, the court finds that, if trial counsel erred, the Defendant failed to demonstrate he was prejudiced by that error.

(Doc. 12, App. XV).

Petitioner's fourth claim is that counsel was  ineffective in failing to assert the defense of voluntary intoxication.  In denying this claim, the state court found:

> The Defendant's allegations are facially insufficient.  The Defendant fails to allege he was actually intoxicated at the time he committed the alleged offense and that he was unable to form the intent necessary to commit the crime.   Nor does the Defendant allege there was record evidence of his intoxication at the time of the offense.  At trial, the State demonstrated the

---

[18] Petitioner's first three claims include : 1) counsel was ineffective for failing to object to pre-trial identification; 2) counsel was ineffective for failing to object to improper prosecutorial closing arguments; 3)Petitioner claims counsel was  ineffective in failing to object to impermissible hearsay.

Defendant wore dark sunglasses to commit the offense, the Defendant prepared and presented a note to the teller and the Defendant showed the bank teller that he was armed with a weapon.  All of the evidence presented at trial indicated the Defendant had the requisite ability to form the intent necessary to commit the robbery.

(Doc. 12, App. XV)(internal citations omitted).

The state court also denied Petitioner's last claim of ineffective assistance of counsel in which Petitioner asserted that counsel was ineffective in failing to request a competency hearing.  The state court found Petitioner's confidential medical evaluation concluded that Petitioner was competent to proceed to trial.  (Doc. 12, App. XV).

This Court must evaluate the state court's adjudication of these claims pursuant to § 2254(d).  First, this Court must identify the clearly established federal law with respect to this claim.  "[I]n the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" Maharaj v. Sec'y for Dep't Corr., 432 F. 3d 1292, 1308 (11th Cir. 2005)(quoting Williams v. Taylor, 529 U.S. 362, 412 (2001)).  "The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."   Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam)(citations omitted).

Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner is entitled to

habeas relief when counsel's performance falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceedings would have been different. Id. at 687. Further, in reviewing counsel's performance, the inquiry is whether counsel made a reasonable decision under prevailing professional norms and the court should presume effectiveness. Id. at 690.

Upon an independent review of the record,  the state court's decision in Petitioner's ineffective assistance claims did not contradict clearly established federal law, nor were the state courts' adjudications of the claims involve an unreasonable application of clearly established federal law.  Petitioner has not shown that the state court applied the governing law to the facts of his case in an objectively unreasonable manner, nor has Petitioner presented clear and convincing evidence to rebut the presumption of correctness of the state court's determinations of the factual issues.  In sum, Petitioner has not shown error in the state court's rejection of his ineffective assistance of counsel claims.

### Claims Six and Seven

Petitioner's last two claims relate to alleged judicial error.  Petitioner did not raise these issues at trial or on direct appeal.  For this reason, the state trial court denied the claim in his motion for post-conviction relief.  Thus, Petitioner is barred from raising this claim on federal habeas review.  Caniff v. Moore, 269 F. 3d 1245, 1247 (11th Cir. 2001)("claims that have been held to be procedurally defaulted under

8

state law cannot be addressed by federal courts."). Petitioner has not shown either cause or prejudice that would excuse the default, nor has Petitioner alleged the applicability of the fundamental miscarriage of justice exception to this procedural default.

## Conclusion

For the reasons set forth herein, the Petition is **DENIED with prejudice.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, this 5th day of April 2007.

UNITED STATES DISTRICT JUDGE

c:
  Ronnie S. Cooper
  Counsel of Record